**Vjolea KRASNICI, Mustafa Krasnici, Lindita Krasnici, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**Nos. 04–1317–ag to 04–1319–ag.**

United States Court of Appeals, Second Circuit.

May 10, 2006.

---

1. Pursuant to Federal Rule of Appellate Pro-      cedure 43(c)(2), Attorney General Alberto R.

Aleksander Milch, New York, New York, for Petitioner.

Kathleen M. Mehltretter, Acting United States Attorney; Mary E. Fleming, Assistant United States Attorney; James Wawrzyniak, Law Student Intern, Buffalo, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Mustafa, Vjolea, and Lindita Krasnici, through counsel, petition for review of the February 2004 BIA order affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a threshold matter, we note that our jurisdiction over this petition for review is not affected by the fact that the proceedings below were "asylum-only" proceedings, rather than removal proceedings. *See Kanacevic v. INS*, 448 F.3d 129, 133–36 (2d Cir.2006).

We review the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

■ The IJ's adverse credibility determination was not substantially supported by the evidence. The IJ accurately observed that Mustafa Krasnici ("Krasnici") and his wife, Vjolea, testified inconsistently about where he received medical treatment after his July 2000 beating by the Serbian police, that Vjolea and Krasnici's daughter, Lindita, testified inconsistently about where Krasnici received medical treatment in September 2000, and that the letter verifying Krasnici's July 2000 treatment was retroactively dated. However, these are minor disparities that must be measured against the whole record before they may justify an adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

The remainder of the IJ's decision contained numerous errors. The IJ erred in finding that Lindita's testimony contradicted that of her father. Krasnici testified that he received treatment at the doctor's office in July 2000, and that he also saw a doctor in September 2000. Lindita testified that Krasnici received medical treat-

ment in July 2000 from a private doctor, but did not indicate where her father received the treatment. Although Lindita stated that Krasnici also received medical treatment in September 2000 at home, Krasnici had not indicated where he received treatment at that time. In the same vein, the IJ incorrectly found that Krasnici's doctor's letter was inconsistent with the testimony of two of the three witnesses. The IJ properly observed that the letter indicated that Krasnici was treated at the doctor's center in July 2000. Because Lindita's testimony was consistent with her father's testimony, the letter was inconsistent only with Vjolea's testimony, which indicated that Krasnici was treated at home.

■ Further, the IJ erred by faulting Krasnici for the inconsistency between his testimony that he became a DPP member in 1993 and his membership card, which indicated an issuance date of 1991. Krasnici explained that "in the beginning," the party's finances were weak and members paid dues for the previous year "to keep the party up," that he was a "legal" member of the DPP in 1993, but "just a member" in 1991, and that his original card had been taken by the police. The IJ thus erred when he faulted Krasnici for the inconsistent dates without evaluating his explanations. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005). Likewise, the IJ erred in faulting Lindita for the discrepancy between her testimony that she became a DPP member in October 1998, and her membership card, which indicated that it had been issued in June 1998. The IJ neglected to acknowledge or consider Krasnici's explanation, that the discrepancy was due to Lindita's prior participation in the party's youth forum, and that the card before the court was from the archives because the original card had been confiscated. Al-

though the IJ was not required to credit Krasnici's explanation, he was obliged to take it into account.

Additionally, the IJ's finding that Lindita's "knowledge of certain events" did not corroborate her claim that she was a DPP member was flawed because it ignored other evidence of probative value. *Id.* at 400. While the IJ accurately observed that Lindita could not recall when party elections had been held, he failed to observe that she testified as to the head of the DPP, her participation in demonstrations, and treatment by the Serbian police, details which corresponded with her written asylum application.

In light of the IJ's "error-infected" reasoning and insufficient analysis, it is not possible to "confidently predict" that the IJ would reach the same result on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006); *cf. Cao He Lin*, 428 F.3d at 395.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).